**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**UNITED STATES OF AMERICA**

v.                                                    **CRIMINAL ACTION NO. 3:12-CR-141-KS-FKB-2**

**H. CLAIBORNE FRAZIER**

**ORDER**

This matter is before the Court on Defendant H. Claiborne Frazier's ("Defendant") Motion for Bail Pending Appeal ("Motion for Bail") [159][160]. After reviewing the submissions of the parties, the record, and the applicable law, the Court finds that Defendant's motion should be denied.

On September 16, 2013, Defendant pleaded guilty to one count under 18 U.S.C. § 1349 for conspiracy to commit bank fraud, mail fraud, and wire fraud. He was sentenced to 60 months in prison, and he and his co-conspirators were ordered to pay $8,540,596 in restitution to their victims. Defendant is appealing his conviction on the grounds that the government breached the plea agreement by using certain facts during his sentencing and in calculating the amount of restitution owed. Defendant previously asked this Court for a release on bail pending the resolution of his appeal. (Motion for Bail Pending Appeal [153].) A telephonic motion hearing was had as to this motion on April 14, 2015, and after considering the arguments from both parties, the Court denied Defendant's motion. On October 22, 2015, the Fifth Circuit denied the government's motion for summary disposition in Defendant's appeal. Defendant subsequently renewed his request for release on bail pending appeal. (Motion for Bail [159][160].)

In denying Defendant's first Motion for Bail Pending Appeal [153], the Court held that, to obtain such relief, Defendant had to show "there would be a good chance of reversal or some new order from the appeals court." (Transcript [160-1] at p. 9.) Defendant contends that the Fifth

Circuit's subsequent refusal to enter summary disposition in this case satisfies this requirement and demonstrates that there is a substantial question on appeal that entitles him to release. (*See* Fifth Circuit Order [160-2].) The Court disagrees.

The Fifth Circuit has held, to obtain a release pending appeal, a convicted defendant must establish, among other things, that "the appeal raises a substantial question of law or fact" and that, "if decided favorably to the defendant, is likely to result in reversal, in an order for a new trial, in a sentence without imprisonment, or in a sentence with reduced imprisonment." *United States v. Clark*, 917 F.2d 177, 179 (5th Cir. 1990) (citations omitted). A substantial question under this analysis is a question that is "close" or "that could very well be decided the other way." *Id.* at 180 (quoting *United States v. Valera-Elizondo*, 761 F.2d 1020, 1024 (5th Cir. 1985)). Furthermore, Defendant must show "a substantial chance of prevailing" on this question. *Id.* at 180.

The Fifth Circuit's denial of summary disposition does not speak to Defendant's chance of prevailing on appeal. It does not address whether the question is "close" or whether it "could very well be decided the other way." *See Clark*, 917 F.2d at 180. The fact that the quoted precedent in the order uses the phrase "substantial question" should not confuse Defendant into believing the inquiries are the same. (Fifth Circuit Order [160-2] at p. 2 (quoting *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).) A "substantial question" under 18 U.S.C. § 3143(b) has specific requirements as elucidated by the Fifth Circuit in *Clark*. The Court has already found that Defendant's appeal did not meet those requirements in its denial of Defendant's first Motion for Bail Pending Appeal [153]. In his new Motion for Bail [159][160], the only new argument Defendant asserts is his contention that the Fifth Circuit's denial of summary disposition necessarily means his appeal raises a substantial question in satisfaction of 18 U.S.C. § 3143(b). The Court has

already explained why this contention is incorrect. Therefore, Defendant's Motion for Bail [159][160] will be **denied**.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant's Motion for Bail [159][160] is **denied**.

SO ORDERED AND ADJUDGED this the 4th day of January, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE