**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**UNITED STATES OF AMERICA**

v.  **CRIMINAL ACTION NO. 3:12-CR-141-KS-FKB
CIVIL ACTION NO. 3:17-CV-244-KS-FKB**

**H. CLAIBORNE FRAZIER** **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant H. Claiborne Frazier's Motion to Vacate Under 28 U.S.C. § 2255 ("Motion to Vacate") [171][181] and Motion for Reconsideration [183]. After considering the submissions of the parties, the record, and the applicable law, the Court finds that these motions are not well taken and should be denied.

## I. BACKGROUND

Defendant H. Claiborne Frazier ("Defendant") entered a guilty plea in this action on September 16, 2013. As part of this plea, he waived all rights to direct appeal and post-conviction relief with limited exceptions. He was sentenced on March 7, 2014, after a two-day sentencing hearing. The total offence level found by the Court at the sentencing was 31 which provided for a sentencing range of 108 to 135 months of custody based on his criminal history category of 1. He was sentenced to a term of 60 months which was a significant downward variance.

## II. MOTION TO VACATE [171][181]

Most of the grounds Defendant raises in his Motion to Vacate [171][181] have been waived under his Plea Agreement [72], which contains a waiver of his right to seek post-conviction relief under § 2255. (*See* Plea Agreement [72] at ¶ 7.b.) Such waivers are valid as long as they are made knowingly and voluntarily. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Waivers of post-conviction relief, however, may not apply to some, but not all, claims of ineffective assistance

of counsel.  *United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002).  For ineffective assistance of counsel claims to not be barred by waivers of post-conviction relief, they must allege that the ineffective assistance either rendered the waiver involuntary or that he received ineffective assistance at sentencing.  *Id.*

Furthermore, because the Fifth Circuit has already considered and decided on direct appeal some of the issues Defendant now attempts to raise on post-conviction relief, relief cannot be granted on those issues.  *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979).

With these precedents in mind, the Court analyzes each of the grounds raised by Defendant.

**A. Ground One: Plea Agreement was not knowingly and voluntarily made.**

**1. Claim 1.1: Defendant did not understand the consequences.**

Defendant argues that he did not understand that, even though the Government has conceded that it would not use any of his conduct related to Travelers in the factual basis in his plea hearing, that they could still use it at sentencing as relevant conduct.

First of all, the Fifth Circuit has already held on Defendant's direct appeal that the plea agreement specifically allowed for the full amount of loss to be introduced as relevant conduct. *See United States v. Frazier*, 644 F.App'x 362, 363 (5th Cir. 2016).  Second of all, in a letter to Defendant dated the day before he signed the plea agreement, Drew Martin, Defendant's trial cousel, specifically advised him that, even if the Government agreed to limit the factual basis of his plea to the overt acts towards the banks and not mention anything related to Travelers, it could still use the Travelers loss at sentencing as related conduct.  (*See* Martin Affidavit [192] at pp. 11-12.)  Finally, at the plea hearing, Defendant affirmed that he understood that other relevant conduct could be considered at sentencing.  (*See* Plea Hearing Transcript [132] at 21:6-9.)

2

Based on the record, it is clear that Defendant was well-aware that relevant conduct, including that related to Travelers, could be used at sentencing, and still knowingly and voluntarily entered in the plea agreement. Therefore, the Court will not grant relief on this basis.

    **2.    Claim 1.2:  Defendant unaware he would be liable for restitution.**

Though Defendant styles this sub-claim as his own lack of knowledge as to the fact that restitution could be assessed against him, it is clear from his arguments that he is challenging the sufficiency of the evidence used to assess the amount of loss and the subsequent order of restitution.

It is clear from both the plea agreement and the plea hearing that Defendant knew he could be made to pay restitution. (*See* Plea Agreement [72] at ¶ 2; Plea Hearing Transcript [132] at p. 12:18-13:3.) Additionally, the Fifth Circuit ruled on direct appeal that Defendant waived his right to challenge the restitution order based on the insufficiency of the evidence. *Frazier*, 644 F.App'x at 363-64. The Court therefore cannot grant relief on this basis.

    **3.    Claim 1.3:  Defendant did not understand charges.**

Defendant claims that no one explained the elements of the charges against him that the Government would have been required to prove at trial. This claim is belied by the recitation of these elements during the plea hearing, to which the Defendant raised no question when provided the opportunity. (*See* Plea Hearing Transcript [132] at 9:23-13:3.) The Court explained in detail each element of the conspiracy charge that the Government would have to prove at trial at the plea hearing, and any attempt by Defendant to allege that he was not informed of these elements is futile. (*See id.*) Relief will not be granted on this ground.

    **B.    Ground Two:  Defendant had ineffective assistance of counsel at plea stage.**

    **1.    Claim 2.1:  Counsel misunderstood the law.**

3

Defendant claims that his trial counsel "was snookered" by the Government and did not understand the plea agreement or what could be used against him at sentencing. It is clear from the memorandum defendant's counsel Martin sent to Defendant the day before he agreed to the plea agreement, though, that counsel had a very good grasp of the law as it pertained to the plea and the sentencing, going as far as to explain to Defendant the differences in the sentencing guideline calculations for if he were convicted, if he pleaded guilty, and if certain enhancements were given to his sentence, and specifically advising him that relevant conduct could include the Travelers losses. (*See* Martin Affidavit [192] at p 7-13.) There is nothing to indicate that Martin was in any way deficient in his understanding of the law, and relief will not be granted on this basis.

### 2. Claim 2.2: Counsel did not understand charges.

Defendant alleges that Martin did not understand the elements of the charges against him and was not able to advise him accordingly. Martin, however, states in his affidavit that he discussed the elements of the charges with Defendant on multiple occasions. (*See* Martin Affidaivt [192] at p. 4.) Mere conclusory allegations on the part of Defendant are not enough to raise a constitutional issue with Martin's performance. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).

Even if Defendant's allegations were sufficient to overcome the performance prong for an ineffective assistance of counsel claim, he cannot show that Martin's performance actually prejudiced him as required by *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). It is indisputable that the Court discussed the elements of the conspiracy charge in depth at the plea hearing and provided Defendant with an opportunity to ask questions pertaining

to these elements prior to pleading guilty. (*See* Plea Hearing Transcript [132] at 9:23-13:3.) Defendant therefore will be denied relief on this ground as well.

      **C.**      **Ground Three: The Government violated its duty.**

            **1.**      **Claim 3.1: The Government negotiated in a deceptive manner.**

Defendant claims that the Government negotiated in a deceptive manner because it knew that neither Defendant nor his counsel were aware that conduct not included in the factual basis of the plea agreement could be later used as relevant conduct. This claim, however, was waived by Defendant in his waiver of post-conviction relief. Furthermore, as discussed more fully above, *see supra* A.1, B.1, both Defendant and his counsel were aware that information not part of the factual basis of the plea, namely that conduct related to Travelers, could be introduced as relevant conduct at the sentencing phase. Therefore, no relief can be granted on this ground.

            **2.**      **Claim 3.2: The Government presented false testimony at sentencing.**

As stated above, the Fifth Circuit has already held that Defendant has waived any right to challenge the evidence presented at his sentencing and, even if he had not, had no basis for such an argument. *See supra* A.2. Despite this ruling, Defendant now attempts to challenge the Government's evidence at sentencing, this time by claiming that it was knowingly false. Defendant, however, provides no evidence for this claim, and such a conclusory allegation cannot be the basis of relief under § 2255, particularly where Defendant has waived his right to seek such relief.

      **D.**      **Ground Four: Defendant had ineffective assistance of counsel at sentencing.**

Defendant claims that Stewart, his counsel at sentencing, was ineffective because she did not present evidence disputing loss amounts and instead convinced him to stipulate to them. The record shows that Stewart vigorously contested the loss calculation and presented evidence in order

to have it reduced. (*See* Sentencing Hearing Transcript [133][134]; Stewart Affidavit [190].) As such, the Court does not find that her performance "fell below an objective standard of reasonableness" as required to show ineffective assistance of counsel. *Strickland*, 466 U.S. at 688, 104 S. Ct. 2052.

### E. Ground Five: The Government violated due process.

Defendant argues that the Government violated due process by knowingly presenting unreliable evidence to obtain an indictment and to enhance his sentence. This claim was waived by Defendant in his plea agreement, which waived all rights to direct appeal or post-conviction relief unless it dealt specifically with the loss calculation or unless the Court departed from the guideline range. (*See* Plea Agreement [72] at ¶ 7(a)-(b).) As such, the Court cannot grant relief on this ground.

### F. Ground Six: The federal fraud statutes are unconstitutional.

Defendant has waived his right to challenge the statutes he was convicted under by his waiver of his right to appeal and right to seek post-conviction relief. Even if he had not waived these rights, though, Defendant has provided no basis for his contention that unspecified "federal fraud statutes" were unconstitutional. As such, relief shall be denied under this ground as well.

## III. MOTION FOR RECONSIDERATION [183]

"A motion asking the court to reconsider a prior ruling is evaluated . . . as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)" when not filed within twenty-eight days after the ruling. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012); *see also* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment."). Defendant's motion was filed with the Court over two months after the Court issued the Order [177] that is the subject of his motion.

The grounds for relief under Rule 60(b) are limited, and Defendant has made no attempt to show how he meets those grounds. In fact, Defendant's only assertion is that the Court, in previously denying him relief, made an error of judgment. This does not meet the standard for relief under Rule 60(b), and Defendant's motion will be **denied**.

Furthermore, as Defendant's Motion for Reconsideration [183] has been denied, the Court will also **deny as moot** his Motion to Expedite [184] the ruling on this motion.

### IV. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Vacate [171][181] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion for Reconsideration [183] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Expedite [184] is **denied as moot**.

SO ORDERED AND ADJUDGED, on this, the ___9th___ day of November, 2017.

    __s/Keith Starrett_____
    KEITH STARRETT
    UNITED STATES DISTRICT JUDGE